IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BOBBY M. BENNETT, JR.,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:19-cv-00541

TIMOTHY KING, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  Before this Court are the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and the Complaint (ECF No. 2) filed by Plaintiff Bobby M. Bennett, Jr. ("Plaintiff").  For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED** and that his Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### I.  BACKGROUND

Plaintiff alleges that he is incarcerated at the Southwestern Regional Jail and Correctional Facility ("Southwestern") in Holden, West Virginia, and has requested employment at the facility, but Defendant Erica Adkins ("Adkins") denied his request. (ECF No. 2 at 4; *see* ECF No. 2-1.)  According to Plaintiff, he has been in prison three

times and has previously worked in the kitchen at a regional jail, "had [his] outside clearance all 3 times and worked Road Crews all 3 times," and "was at Huntington work release for 2 ½ [years]." (ECF No. 2 at 5.)  He seeks "the same oppertunity [sic] as every other inmate . . . having employment or to Be transferred to [another] Facility so [he] can get employment." (*Id.*)

## II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

This Court conducts a similar screening process when, as in this case, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  This screening also requires this Court to dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

When reviewing the complaint for failure to state a claim under either statute, this Court applies the same standards that it applies to review a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)); *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (citing *Slade*

*v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

Plaintiff, by suggesting that he is being treated differently from other inmates, appears to assert equal-protection claims against Adkins and Defendant Timothy King ("King"), Southwestern's Superintendent. But "the classifications and work assignments of prisoners in [state penal] institutions are matters of prison administration, within the discretion of the prison administrators." *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (per curiam). Therefore, "denial of employment [at a correctional facility] does

3

not, in and of itself, abridge any constitutional right of the inmate." *Johnson v. Knable*, 862 F.2d 314 (4th Cir. 1988) (per curiam) (table), 1988 WL 119136, at *1 (citing *Altizer*, 569 F.2d at 812–13). Plaintiff's Complaint thus fails to allege a cognizable constitutional claim, whether for an equal-protection or some other violation, under 42 U.S.C. § 1983.

### IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED** and that his Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: September 22, 2021

Dwane L. Tinsley
United States Magistrate Judge