IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BOBBY M. BENNETT, JR.,

        Plaintiff,

v.                                                  CIVIL ACTION NO.   2:19-cv-00541

TIMOTHY KING, et al.,

        Defendant.

**ORDER**

By standing order entered on January 4, 2016, and filed in this case on July 24, 2019, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on September 22, 2021, recommending Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be denied and Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. (ECF No. 5.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo*

review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on October 12, 2021. (ECF No. 5.) The Court notes that the PF&R mailed to Plaintiff at Southwestern Regional Jail was returned as undeliverable. (ECF No. 6.) However, Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia provides that Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." Thus, the fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk need not impact the Court's review and analysis of the PF&R. *See, e.g., Swint v. Redfield*, No. 2:21-CV-00372, 2021 WL 4189947, at *1 (S.D. W. Va. Sept. 14, 2021).

To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), and **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE